## (October 25, 1966)

■ In the Matter of HUGH L. CAREY et al., Respondents, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and HERBERT F. RYAN et al., Appellants.— In a proceeding under section 330 of the Election Law to declare valid certain independent nominating petitions purporting to designate the petitioners herein as candidates of the United Taxpayers party for various public offices at the general election to be held November 8, 1966, and for other related relief, the objectors appeal from so much of a judgment (described in the notice of appeal as an "order") of the Supreme Court, Kings County, entered October 25, 1966, as granted the application to the extent of validating each of said nominating petitions other than the petition designating Joseph A. Rinaldi as candidate for the office of Member of the Assembly in the 49th Assembly District, Kings County. Judgment reversed insofar as appealed from, on the law, without costs, and petition dismissed. No questions of fact have been considered. The sole question involved on this appeal is the validity of petitions filed on behalf of candidate Carey for Congressman in the 15th Congressional District, of candidate Norton for State Senate in the 21st Senatorial District, of candidates Troy, Mennella and Twohy for Delegates to the Constitutional Convention from the 21st Senatorial District, and of candidate Molen for Member of Assembly in the 50th Assembly District, Kings County, all candidates of the United Taxpayers party. In our opinion, the petitions are invalid. (1) The petitions filed on behalf of the Senatorial District candidates are invalid. The petitions filed for the 49th Assembly District had 966 valid signatures. The petitions filed for the 50th Assembly District had 2,151 valid signatures. Both Assembly Districts comprise part of the 21st Senatorial District. Three thousand signatures are required to validate the petitions for State Senator and Delegates to the Constitutional Convention. Unless both petitions are tacked together to be considered as one petition, the petitions for the candidates for Senatorial District offices are invalid. In our opinion, the petitions may not be tacked together because the petitions for the 49th Assembly District had a Committee on Vacancies for the Senatorial District offices different from the Committee on Vacancies named in the petitions for the 50th Assembly District. The result is that, in the event of a vacancy, there would then be no valid Committee on Vacancies which could act since no petition or combination of petitions contains the number of signatories adequate to nominate the same Committee on Vacancies; it makes no difference that in fact no vacancy occurred or that the Committee on Vacancies was not required to act. (2) The petitions filed on behalf of the Senatorial District candidates are invalid on another ground, which ground applies also to the candidates for Congress and for Assembly. The statute (Election Law, § 138, subd. 1) requires that, under the circumstances in the case at bar, each signer of the petition state the Election District and Assembly District of the residence from which he was registered at the time of the 1965 general election. The petitions wholly fail to comply with this requirement. It is conceded that the Election District and Assembly District numbers stated alongside the signatures to the petition are those shown on the 1966 maps instead of those shown on the 1965 maps. In no case was there an identity of numbers. Beldock, P. J., Rabin and Benjamin,

JJ., concur; Ughetta and Christ, JJ., concur with respect to the Senatorial District candidates solely on the first above-mentioned ground, but dissent and vote to affirm the judgment as to the Congressional and Assembly District candidates, on the ground that, under the circumstances of this case, the statement of the 1966 Election District and Assembly District numbers was sufficient (*Matter of McManus* v. *DeSapio*, 5 N Y 2d 773; *Matter of Sussman* v. *Power*, 5 N Y 2d 752).